IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeff Michael Welch,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-09-706-PHX-NVW (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. §2254. (docket # 1) Petitioner raises three grounds for relief: (1) he received ineffective assistance of counsel; (2) the sentencing court imposed an illegally aggravated sentence based on factors that were not found by a jury; and (3) the trial court permitted improper evidence at trial. (docket # 1) Respondents have filed a Motion to Dismiss because Petitioner has ongoing post-conviction proceedings before the Arizona courts. (docket # 11) Respondents alternatively request that the matter be stayed pending resolution of Petitioner's state court proceedings. (*Id.*) The Court directed Petitioner to file a response to Respondents' motion on or before July 31, 2009. (docket # 12) Despite the Court's order, Petitioner has not responded.

**I. Background**

In 2003, Petitioner was convicted in Arizona Superior Court, Maricopa County, case number CR-2001-097224, of two counts of child molestation and was sentenced to consecutive 35-year terms of imprisonment. (docket # 1)

Petitioner sought direct review in the Arizona Court of Appeals, No. 1 CA-CR-03-0470, which was denied on October 27, 2005. (docket # 1 at 2) Thereafter, Petitioner filed a petition for post-conviction relief, pursuant to Ariz.R.Crim.P. 32, in Maricopa Superior Court No. CR-2001-097224. (docket # 1 at 4) The trial court denied relief on or about March 30, 2007. (*Id.*) On May 28, 2008, Petitioner appealed that decision to the Arizona Court of Appeals in case number 1 CA-CR 08-0423. (docket # 11, Exh. A) The record reflects that Petitioner's appeal of the denial of his petition for post-conviction relief is pending before the Arizona Court of Appeals. (*Id.*) On July 9, 2009, Respondents filed a Request for Determination of Pending Matter in the appellate court requesting resolution of Petitioner's appeal. (docket # 11, Exh. B) To date, the appeal remains pending. Because Petitioner's post-conviction action is pending before the State court, Respondents have moved to dismiss, or stay, this action. Petitioner has not responded.

**II. Exhaustion**

Before the federal court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In cases not carrying the death penalty, claims are exhausted once the Arizona Court of Appeals has ruled on them. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999).

A petitioner has not exhausted state court remedies if he has a state appeal or post-conviction proceeding pending at the time he files a petition for writ of habeas corpus in federal court. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (stating that state prisoner did not exhaust state remedies where post-conviction proceeding was pending in state courts); *Martineau v. Elliot*, 2008 WL 3582811, * 1 (D.Ariz., August 13, 2008) (denying habeas corpus petition as premature where petitioner presently had a Rule-32 petition pending in the Maricopa County Superior Court).

In view of the pending proceeding in state court, which could affect Petitioner's convictions and which could also ultimately affect these proceedings, it is inappropriate for

this Court to rule on Petitioner's claims at this time. *Sherwood*, 716 F.2d at 634 (stating that even where claim to be challenged has been finally settled in state courts, petitioner must await outcome of his appeal in state court before remedies are exhausted).

Petitioner will suffer no prejudice as a result of a dismissal without prejudice. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (holding that a petition filed after a mixed petition has been dismissed for failure to exhaust before the district court adjudicated any claims is not a second or successive petition.)[1]

Because this habeas action is premature, the Court will dismiss the Petition without prejudice. Respondents alternatively request that the Court stay the petition and hold it in abeyance in accordance with *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Because the Court finds that dismissal without prejudice is appropriate, the Court recommends that the alternative request to stay be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Respondents' Motion to Dismiss (docket # 11) be **GRANTED** and that Petitioner's Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. §2254 (docket # 1) be **DISMISSED** without prejudice.

**IT IS FURTHER RECOMMENDED** that Respondents' alternative Motion to Stay and Abey the Petition for Writ of Habeas Corpus (docket # 11) be **DENIED** as moot.

---

[1] It appears that the AEDPA statute of limitations has not run and that it will be tolled while Petitioner pursues his post-conviction proceedings in state court. The Court, however, does not offer any opinion regarding the statute of limitations and is not obligated to advise Petitioner regarding that issue. *See Pliler v. Ford*, 542 U.S. 225 (2004) (holding that federal district judges are not required to give *pro se* litigants warnings regarding the statute of limitations.) District judges are not obligated to act as counsel to *pro se* litigants. *McKaskle v. Wiggins*, 465 U.S. 168, 183-184 (1984) (stating that "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course.").

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 10th day of August, 2009.

_____
Lawrence O. Anderson
United States Magistrate Judge