IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeff Michael Welch,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-09-706-PHX-NVW (LOA)<br><br>**Supplement to Report and Recommendation** |

    Petitioner has filed Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. §2254 raising three grounds for relief: (1) he received ineffective assistance of counsel; (2) the sentencing court imposed an illegally aggravated sentence based on factors that were not found by a jury; and (3) the trial court permitted improper evidence at trial. (docket # 1) Respondents subsequently filed a Motion to Dismiss because Petitioner has ongoing post-conviction proceedings before the Arizona courts. (docket # 11) Respondents alternatively request that the matter be stayed pending resolution of Petitioner's state court proceedings. (*Id.*) The Court directed Petitioner to file a response to Respondents' motion on or before July 31, 2009. (docket # 12)

    Noting Petitioner's lack of response, on August 10, 2009, the undersigned issued a Report and Recommendation recommending that Respondents' Motion to Dismiss be granted. (docket # 13) On August 14, 2009, Respondents filed a Response to the Report and Recommendation. (docket # 14) Respondents state that Petitioner attempted to respond to the Motion to Dismiss by mailing his response to Respondents and asking Respondents to file it on

his behalf. (docket # 14)   Respondents have filed Petitioner's Response to the Motion to Dismiss as an exhibit to their Response to the Report and Recommendation. (docket # 14, Exh. A)   In his Response, Petitioner states that he has no objection to dismissal, "as long as he can re-file, if needed, once the Appeals Court rules." (docket # 14, Exh. A)

As the undersigned noted in the Report and Recommendation, the record reflects that Petitioner's appeal of the denial of his petition for post-conviction relief is pending before the Arizona Court of Appeals. (docket # 11, Exhs. A, B) Accordingly, Petitioner has not exhausted state court remedies. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (stating that state prisoner did not exhaust state remedies where post-conviction proceeding was pending in state courts); *Martineau v. Elliot*, 2008 WL 3582811, * 1 (D.Ariz., August 13, 2008) (denying habeas corpus petition as premature where petitioner presently had a Rule-32 petition pending in the Maricopa County Superior Court).

In view of the pending proceeding in state court, which could affect Petitioner's convictions and which could also ultimately affect these proceedings, it is inappropriate for this Court to rule on Petitioner's claims at this time. *Sherwood*, 716 F.2d at 634 (stating that even where claim to be challenged has been finally settled in state courts, petitioner must await outcome of his appeal in state court before remedies are exhausted).

After considering Petitioner's Response to the Motion to Dismiss, (docket # 14, Exh. A), the undersigned affirms its August 10, 2009 recommendation that Respondents' Motion to Dismiss (docket # 11) should be granted.  Petitioner will suffer no prejudice as a result of a dismissal without prejudice. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (holding that a petition filed after a mixed petition has been dismissed for failure to exhaust before the district court adjudicated any claims is not a second or successive petition.)[1]

---

[1] It appears that the AEDPA statute of limitations has not run and that it will be tolled while Petitioner pursues his post-conviction proceedings in state court. The Court, however, does not offer any opinion regarding the statute of limitations and is not obligated to advise Petitioner regarding that issue. *See Pliler v. Ford*, 542 U.S. 225 (2004) (holding that federal district

1    Accordingly,

2    **IT IS HEREBY ORDERED** affirming the Report and Recommendation issued
3    on August 10, 2009. (docket # 13)
4    DATED this 27th day of August, 2009.

        _Lawrence O. Anderson_
        Lawrence O. Anderson
        United States Magistrate Judge

---

judges are not required to give *pro se* litigants warnings regarding the statute of limitations.) District judges are not obligated to act as counsel to *pro se* litigants. *McKaskle v. Wiggins*, 465 U.S. 168, 183-184 (1984) (stating that "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course.").

- 3 -